ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**MICHAEL ELIGIO BERRIOS DE LEÓN**<br><br>Peticionario | KLCE202401052 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao**<br><br>Criminal Núm.: **H1VP201300468**<br><br>Sobre: Art. 93 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2024

Comparece ante nos, mediante recurso de *certiorari* presentado el 26 de septiembre de 2024, por derecho propio, Michael Eligio Berrios de León (Berrios de León o Peticionario), quien es miembro de la población confinada en la Institución Ponce 1000 Adultos, Ponce, PR 00728. Mediante dicha comparecencia, Berrios de León nos solicita que revisemos la *Resolución* emitida el 17 de julio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI), en la que el TPI denegó una moción para la aplicación de circunstancias atenuantes, con el fin de reducir su sentencia criminal por veinticinco (25) por ciento.

Por los fundamentos discutidos a continuación, denegamos expedir el recurso presentado.

### I.

El 30 de septiembre de 2013, a sus dieciséis (16) años, Berrios de León, como producto de una alegación preacordada con el Ministerio Público, se declaró culpable de los siguientes delitos:

1) El delito tipificado por el Artículo 95 del Código Penal de Puerto Rico, 33 LPRA sec. 5144, (Asesinato Atenuado), con el agravante dispuesto en el Artículo 66 (l) del Código Penal ("El convicto causó grave daño corporal a la víctima o empleó amenaza de causárselo"). Por este delito, fue sentenciado a 17 años y 6 meses de reclusión.

2) La tentativa del delito tipificado por el Artículo 95 del Código Penal, por lo que fue sentenciado a 7 años y 6 meses de reclusión.

3) El delito tipificado por el Artículo 5.05 de la Ley de Armas de Puerto Rico de 2000, Ley Núm. 404-2000, 25 LPRA sec. 458d (derogada), por lo que fue sentenciado a 5 años de reclusión.

Las sentencias dictadas por la comisión de los delitos señalados fueron ordenadas a ser cumplidas consecutivamente, por lo que su sentencia total era de treinta (30) años de reclusión. Cabe señalar que mediante su alegación preacordada, el Peticionario se benefició de sentencias más bajas al reclasificarse delitos, entre otros, de Asesinato en Primer Grado (Artículo 93 del Código Penal), que conllevaba una pena de 99 años.

Así las cosas, y en el proceso de extinguir su sentencia, el 29 de mayo de 2024, el Peticionario presentó una *Solicitud Aplicación Retroactiva del Artículo 66 [sic] Circunstancias Atenuantes* en la que alegó que procede "la aplicación atenuada de forma compulsoria como derecho constitucional a todo ciudadano que haya sido sentenciado siendo un menor de edad reduciendo así el 25% de la sentencia que le fue impuesta".

El 9 de julio de 2024, el Ministerio Público presentó una *Contestación* en la que arguyó que la *Solicitud* de Berrios de León carecía de jurisdicción al haberse presentado fuera del término dispuesto en las Reglas de Procedimiento Criminal, 34 LPRA Ap. II.

En particular, alegó que la Regla 185 (a) de Procedimiento Criminal dispone que:

> El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia **dentro de los noventa (90) días de haber sido dictada**, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de certiorari.
>
> *Íd.*, R. 185 (a). (Énfasis nuestro).

Arguyó que al haberse presentado la *Solicitud* más de noventa (90) días luego de haberse dictado las sentencias, no procedía la moción bajo la Regla 185. Por otro lado, señaló que una moción al amparo de la Regla 192.1 de Procedimiento Criminal, que permite que un confinado solicite ante un tribunal la anulación de una sentencia, sólo procederá cuando:

> (1) La sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o
>
> (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; o
>
> (3) la sentencia impuesta excede de la pena prescrita por la ley, o
>
> (4) la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia.
>
> *Íd.*, R. 192.1 (a) (1)-(4).

Sobre la aplicación de la Regla 192.1, el Ministerio Público alegó que no procedía, puesto que no se estaba ante una sentencia ilegal. "El Tribunal sentenciador tenía jurisdicción para imponerla. La sentencia impuesta no excede de la pena prescrita ni por la ley ni la sentencia está sujeta a ataque colateral".

Finalmente, arguyó que según el Artículo 67 del Código Penal, la decisión para imponer circunstancias agravantes o atenuantes

recae en la sana discreción del juzgador para determinar si procede o no al momento de imponer la pena. Destacó que tampoco existía un mandato al amparo de la Ley Núm. 30-2022, que enmendó el Artículo 308 del Código Penal para modificar los criterios para cualificar para ser considerado por la Junta de Libertad Bajo Palabra, ni al amparo de la Constitución de Puerto Rico ni la de Estados Unidos, para automáticamente rebajar la sentencia de un menor juzgado como adulto.

Así las cosas y con el beneficio de la comparecencia de las partes, el 17 de julio de 2024, el TPI declaró No Ha Lugar la *Solicitud* de Berrios de León. Inconforme, el 26 de septiembre de 2024, el Peticionario compareció ante nos mediante un recurso apelativo. De su faz, señalamos que el escrito presentado incumple con los requisitos de forma que dispone el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. No obstante, el mismo se permite en aras de cumplir con los principios rectores de la justicia, ejercer nuestro rol revisor, proveerle acceso a los tribunales a los ciudadanos y no desestimar recursos por defectos de forma. Véase Regla 2 del Tribunal de Apelaciones, *Íd.*, R. 2.

De forma general y sin señalar un error específico, el Peticionario nos ha solicitado que revisemos la determinación del TPI a los fines de revocar la misma y aplicar una rebaja en 25% de la sentencia que actualmente extingue. El Ministerio Público, por su parte, presentó un *Escrito en Cumplimiento de Orden* en la que se opuso a la expedición del recurso solicitado. Señaló nuevamente que la referida Ley Núm. 30-2022 no le provee al Peticionario el remedio que solicita. Arguyó que "no hay nada en esa legislación que requiera la reducción de un veinticinco por ciento de la sentencia de un menor de edad condenado como adulto, por el simple hecho de que este fue juzgado cuando no había cumplido la mayoría de edad".

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

El auto de certiorari es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de certiorari sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, *supra*, R. 40. Deberá evaluar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de certiorari, no tiene que fundamentar su determinación. Reglas de Procedimiento Civil, *supra*, R. 52.1.

### III.

Luego de evaluar la petición de Berrios de León, la comparecencia del Ministerio Público y los documentos que obran en los autos originales, denegamos expedir el recurso solicitado. Entendemos que la determinación del TPI es correcta en Derecho y la misma no adolece de prejuicio, parcialidad o error manifiesto de hecho o derecho que amerite nuestra intervención.

### IV.

Por los fundamentos discutidos, denegamos expedir el auto de *certiorari* presentado por Berrios de León.

Notifíquese al Peticionario de esta *Resolución* en la institución correccional en la que se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones